## Case No. 3,889.

### DIBBLEE v. SHELDON.

[10 Blatchf. 17S.] [1]

Circuit Court, D. Connecticut. Sept. 24, 1872.

SALE—FALSE REPRESENTATIONS —AFFIRMANCE BY ACTION FOR PRICE.

Where a vendee purchases goods by means of such fraudulent representations as entitle the vendor to disaffirm the sale and reclaim the goods as his own property, and the vendor, after discovering the fraud, voluntarily brings an action on the contract of sale and purchase, to recover the price, that is, as matter of law, an affirmance of the sale, and the vendor cannot thereafter set up title, and claim the goods, on the ground of the original fraud.

[In error to the district court of the United States for the district of Connecticut.

[Action by William Dibblee against Gad Sheldon.]

Charles E. Perkins. for plaintiff in error.

Hubbard & Hyde, for defendant in error.

WOODRUFF, Circuit Judge. The single question raised by the bill of exceptions in this case is this: Where a vendee purchases goods by the means of such fraudulent representations as entitle the vendor to disaffirm the sale and reclaim the goods as his own property, and such vendor, after discovering the fraud, voluntarily brings an action on the contract of sale and purchase, to recover the price, is that, as matter of law, an affirmance of the sale, or may he thereafter set up title, and claim the goods, on the ground of the original fraud? On the trial, the bringing of such suit was held an affirmance of the original sale, and the judge declined to submit to the jury to determine the intent of the vendor therein. or its effect or operation on the rights of the parties.

The defendant in error, who was the plaintiff in the district court, is the assignee in bankruptcy of A. F. & S. E. Loomis. That firm had purchased certain tobacco from one Mitchelson, by what, for the purposes of the case in error, must be assumed to have been fraudulent representations. The defendant gave evidence tending to prove, that, upon the discovery of the fraud, and on the 25th of November, 1869, Mitchelson went to the tobacco house of the purchasers, to try to get back his property, and there found the tobacco. He there saw John D. Loomis, to whom he had been informed the vendees had made a pretended sale of the tobacco, and who had taken possession thereof, and claimed it as his own. He informed the said John D. that he wanted to get his tobacco back, and offered to give him $100 if he

would give it up to him. John D. refused, and Mitchelson "tried all he could to induce him to give it up, without success." He then enquired of him concerning the time when he purchased the tobacco. He then employed a brother, Winthrop Loomis, to use his influence with John to induce him to give up the tobacco, but John refused. Afterwards, on the 29th of the same month, he consulted counsel, and thereupon commenced an action of assumpsit, in the state court, against the original vendees of the tobacco, the declaration wherein contained the common money counts and counts for goods. wares and merchandise sold and delivered. &c., in form, to recover the price of the tobacco sold. In the writ issued in such suit, the sheriff was directed to attach the goods and chattels of the said A. F. & S. E. Loomis, and the counsel issuing the writ caused the tobacco in question to be attached, as the property of the defendants in the writ, the original vendees. The writ was made returnable, and was returned, to the then next December term of the court.

I do not feel called upon to discuss at length the question thus raised. It seems to me very plain, that the ruling of the judge, at the trial below, was correct. The original owner, after seeking, in vain, to obtain the possession of the tobacco, after finding that there was an adverse claim set up by an alleged or pretended purchaser from the fraudulent vendees, voluntarily affirmed the original contract of sale. He had full knowledge of all the facts. He was at liberty to disaffirm the sale, and, by an action of tort, to assume to contest the validity of John's title. He was equally at liberty to insist upon the contract of sale and claim payment from his vendees. With full knowledge of the fraud, he was as competent to affirm the sale, as he would have been to make the sale, had all the facts been known to him when the sale was made.

It is claimed, that the question of intent should have been submitted to the jury, and that they should have been permitted to say whether he intended, when he brought the suit, to waive his right to reclaim the property. But it is, upon undisputed facts, no more for them to decide what amounted to a voluntary affirmance of a sale, than whether an undisputed transaction amounted to an original transfer of title.

I do not think it material to the discussion to say, that it does not appear, by the bill of exceptions, that the action for the price is not still pending. There are no facts in evidence here which can prevent a recovery of judgment, in that suit, for the price, and it would be anomalous to hold here, that, nevertheless, the title to the property is in the plaintiff therein. That fact I do not deem material. because it is the fact, that the vendor elected his remedy. and acted affirmatively upon that election. that determines the point in issue, and not the ex-

---

[1] [Reported by Hon Samuel Blatchford. District Judge, and here reprinted by permission.]

tent to which he pushes his election; and I am not aware of any sufficient ground for saying that he is not concluded until he has recovered judgment. It is quite clear, that, upon the facts stated in the bill of exceptions, the vendees could not successfully claim to prevent a judgment on the ground that the vendor had rescinded the sale. If not, then the facts fail to show such a rescission, but show the contrary.

The judgment must be affirmed, with costs.